IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) Criminal No. 12-51 Erie |
| v. | ) Chief Judge Sean J. McLaughlin |
| KRISTI AYN LIEBAU, | ) |

**MEMORANDUM OPINION AND ORDER**

McLAUGHLIN, SEAN J., Chief Judge

This matter is before the Court upon Defendant Kristi Ayn Liebau's motion for reconsideration of her sentence. [Dkt. 18]. For the reasons which follow, Defendant's motion is denied.

**I. BACKGROUND**

On August 24, 2012, the government filed a fourteen-count Information alleging that Defendant made false statements relating to health care matters in violation of 18 U.S.C. §§ 1035(a)(2). On September 26, 2012, Defendant waived her her right to an indictment and pleaded guilty as to all counts. [Dkt. 4]. On February February 13, 2013, Defendant was sentenced to four months of incarceration, eight eight months of home detention, three years of supervised release, and ordered to to pay restitution in the amount of $288,528.89. [Dkt. 16]. This sentence

1

represented a downward departure from Defendant's advisory guideline range of 12
12 to 18 months incarceration in light of this Court's conclusion that extraordinary
family circumstances warranted the departure. On March 28, 2013, Defendant
voluntarily reported to FPC Bryan in Bryan, Texas, to begin serving her sentence.

## II. DISCUSSION

In her motion for reconsideration, Defendant requests an early release from her prison sentence. In support of her motion, Defendant states that her children's behavior and health at home is suffering in the absence of their mother, that her family's financial condition is precarious because her husband has had to reduce work hours to take care of their children in her absence, and that there is currently no one at home who is familiar with her children's unique medical needs. Defendant also notes that she has taken advantage of every opportunity offered in prison to reflect on her mistakes and prepare for a productive and successful reemergence into society upon completion of her sentence.

It is well-settled that "a district court's jurisdiction to reconsider sentencing may may only stem from a statute or rule of criminal procedure." Sloan v. United States, States, 2008 WL 2020183, *2 (W.D. Pa. 2008) (quoting United States v. Servidio, 2008 WL 352866, *1 (D.N.J. 2008)); United States v. Higgs, 504 F.3d 456, 464 (3rd (3rd Cir. 2007). The applicable statute, 18 U.S.C. § 3582(c), provides that a court

"may not modify a term of imprisonment once it has been imposed" except in the following circumstances:

**(1)** in any case-

**(A)** the court, upon motion of the Director of the Bureau of Prisons, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that-

**(i)** extraordinary and compelling reasons warrant such a reduction; or

**(ii)** the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c), for the offense or offenses for which the defendant is currently imprisoned, and a determination has been made by the Director of the Bureau of Prisons that the defendant is not a danger to the safety of any other person or the community, as provided under section 3142(g);

and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission; and

**(B)** the court may modify an imposed term of imprisonment to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure; and

**(2)** in the case of a defendant who has been sentenced to a term of of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are

applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. 3582(c).

None of these exceptions is applicable to the instant motion for reconsideration. 18 U.S.C. § 3582(c)(1)(A) does not apply because the Director of the Bureau of Prisons has not filed a motion for compassionate release in this case. See, e.g., Share v. Krueger, 2012 WL 6761881, *2 (M.D. Pa. 2012) (noting that relief pursuant to Section 3582(c)(1)(a) is only available where "a motion for a sentence reduction [is] filed by the Director of the BOP after the Director approves an inmate's application for compassionate release."). Section 3582(c)(2) is similarly inapposite, as neither Defendant nor the Director of the BOP has indicated that the Sentencing Commission has subsequently lowered the advisory guideline sentencing range for violations of 18 U.S.C. §§ 1035(a)(2). Finally, Rule 35 of the Federal Rules of Criminal Procedure, referenced in Section 3582(c)(1)(B), affords no basis for relief. Rule 35(a) allows a court to correct, within 14 days after sentencing, "a sentence that resulted from arithmetical, technical, or other clear error." Rule 35(b) allows for a reduction in sentence upon the government's motion in situations in which a defendant provides substantial assistant to the government in investigating or prosecuting another person. Neither circumstance is presented by Defendant's motion.

4

In sum, this Court lacks jurisdiction to reduce Defendant's sentence. Neither 18 U.S.C. § 3582(c) nor Rule 35 afford any basis for relief. Consequently, Defendant's motion is denied.

### III. CONCLUSION

For the reasons stated herein, Defendant's motion for reconsideration of sentence is denied. An appropriate order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | Criminal No. 12-51 Erie |
| ) | Chief Judge Sean J. McLaughlin |
| v. ) | |
| ) | |
| KRISTI AYN LIEBAU, ) | |

**ORDER**

AND NOW, this 19th day of June, 2013, for the reasons set forth above, it is hereby ORDERED that Defendant's motion for reconsideration of sentence is DENIED.

/s/ - Sean J. McLaughlin
Chief United States District Judge

cm: All parties of record.